The opinion of the Court was delivered by
Coucock, J.
The wench Peggy, named in the codicil, was not one of those specifically given in the will, and would have passed (subject to the limitation) to the daughter under the words “ remainder of my estate,” had the testator not made the codicil. Where then was the necessity for making a codicil ? It was according to the argument of the counsel, a work of supererogation. It is clear that the intention of the testator was to do more for his daughter than had been done in the will; and the law puts the question out of doubt. The codicil being but an expression of the testator, as to the disposition of his estate, shall take effect, though repugnant to some of the clauses of his will, and will be considered as a revocation of all such as are inconsistent with its provisions. “ Where a codicil is said to be a part of, or incorporated into a will, this union must be understood to be the effect of its first acting upon the will, by its own force, and attracting it to itself.” Roberts on Wills, 477, 1st ed 407, 2d ed. “ The business of a codicil,” says Powell on Devises, 24, “ by intendment of law, was to alter, explain, add or subtract, something from the will.” And again, in p. 541-44, “ a codicil likewise, if inconsistent with a preceding will, is, in law, a revocation of it.” That is so inconsistent, that both cannot stand. For “ where a legacy is given to a person by a codicil, as well as by a will — whether the legacy given by the codicil, be more or less than, or equal to the legacy given by the will, the legatee shall take both.” 6 vol. Jacob’s Law- Dictionary, Tomlin’s ed. 426.
In the case before us, the testator was only giving *by the codicil the absolute right to the property which, by his will, would-have passed, subject to a limitation over. It is manifest that this was the intention of the testator, and equally so, that his intention is supported by the law.
The motion is therefore dismissed.
Nott, Che ves, Gantt and Johnson, JJ., concurred.